# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BA PHONG TRAN**, <br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF STATE**; <br> **MARCO A. RUBIO**, Secretary of State, <br> in his official capacity; and <br> **CONSULAR CHIEF**, U.S. Embassy Singapore, <br> in official capacity, <br> *Defendants.* | Case: 1:25–cv–03098 <br> Assigned To : Reyes, Ana C. <br> Assign. Date : 9/7/2025 <br> Description: Pro Se Gen. Civ. (F–DECK) <br><br> Civil Action No. |

## COMPLAINT FOR WRIT OF MANDAMUS, ADMINISTRATIVE PROCEDURE ACT, AND DECLARATORY RELIEF

Plaintiff BA PHONG TRAN, proceeding pro se, respectfully alleges as follows:

### INTRODUCTION

1. This action seeks to compel Defendants to take discrete, nondiscretionary action of adjudicating Plaintiff's F-1 student visa application (DS-160), which was placed in administrative processing under § 221(g) of the Immigration and Nationality Act ("INA") on November 26, 2024, and has remained pending for more than nine months, contrary to the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), which requires agencies to conclude matters within a reasonable time, and subject to relief under 5 U.S.C. § 706(1).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the law of the United States, including the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 701 et seq.; and the Mandamus Act, 28 U.S.C. § 1361.



RECEIVED
SEP 07 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because the primary Defendants, including the U.S. Department of State and Secretary of State Marco Rubio, reside in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff BA PHONG TRAN is a citizen of Vietnam and currently resides in Singapore. Plaintiff has been admitted to the University of Texas at Austin as a Ph.D. student in the Department of Aerospace Engineering and Engineering Mechanics, with studies scheduled to begin in Spring 2025. Plaintiff was interviewed for an F-1 nonimmigrant student visa at the U.S. Embassy in Singapore on November 26, 2024. Since that date, Plaintiff's application has been placed in "administrative processing" pursuant to Section 221(g) of the Immigration and Nationality Act and has remained unresolved for more than nine months, preventing Plaintiff from pursuing his education in the United States.

5. Defendant the UNITED STATES DEPARTMENT OF STATE is a federal agency of the United States responsible for the administration and adjudication of nonimmigrant visa applications under the Immigration and Nationality Act ("INA"). Its headquarters are located at 2201 C Street NW, Washington, D.C. 20520.

6. Defendant MARCO A. RUBIO is the U.S. Secretary of State. He is the head of the U.S. Department of State and is sued in his official capacity. His official business address is U.S. Department of State, 2201 C Street NW, Washington, D.C. 20520.

7. Defendant CONSULAR CHIEF, U.S. Embassy Singapore, is the official responsible for the adjudication of nonimmigrant visa applications at that post, including Plaintiff's. The

Consular Section is located at the U.S. Embassy, 27 Napier Road, Singapore 258508. The Consular Chief is sued in his or her official capacity.

**FACTUAL ALLEGATIONS**

8. On or about November 20, 2024, Plaintiff submitted his DS-160 visa application for an F-1 nonimmigrant student visa to pursue a Ph.D. in the Department of Aerospace Engineering and Engineering Mechanics at the University of Texas at Austin, with an intended start date in Spring Semester 2025 (January 13, 2025). (Exhibit A, DS-160 Confirmation).

9. On or about November 26, 2024, Plaintiff attended his visa interview at the U.S. Embassy in Singapore. At the conclusion of the interview, the Consular Officer refused to issue the visa but instead provided Plaintiff with a document pursuant to Section 221(g) of the Immigration and Nationality Act. The form stated that "Your nonimmigrant visa application is incomplete and/or requires additional processing as defined by section 221(g) of the U.S. Immigration and Nationality Act." The notice requested the following:

a. A letter from the company/institution confirming ongoing employment/enrolment and purpose of travel; include start date and current monthly salary;

b. Detailed travel itinerary within the United States; include host names, addresses, and phone numbers;

c. Invitation letter from U.S. employer and/or contact;

d. A complete curriculum vitae (resume) with a full list of publications/patents;

e. Copies of academic course transcripts from all Master's/PhD programs;

f. Research and/or study plan and details of the course of study; and

g. A detailed description of the conference/workshop to be attended; include featured speakers and schedule. (Exhibit B, § 221(g) Notice).

10. Plaintiff promptly provided requested items (a)-(f) within the same day of the interview:

a. Dyson employment letter with start date and salary;

b. Detailed travel itinerary identifying ports of travel and intended lodging while enrolled in the Ph.D. program;

c. UT Austin Spring 2025 admission letter;

d. Complete resume;

e. Master's degree and transcript;

f. Research and study plan during Ph.D. program; and

g. Item (g) (conference/workshop description) was not applicable, as Plaintiff seeks entry for degree study, not a conference. (Exhibit C, Documents Submitted in Response to § 221(g) Notice).

11. To date, Plaintiff has diligently followed up with the U.S. Embassy in Singapore at least six times. Specifically, on or about January 2, 2025, February 11, 2025, March 21, 2025, June 27, 2025, July 22, 2025, and August 8, 2025, Plaintiff sent inquiries regarding the status of his application.

12. In response to each of Plaintiff's inquiries, the U.S. Embassy has provided boilerplate responses stating that his application is still undergoing administrative processing, that there is no estimated timeline for completion, and that he will be contacted via email when the processing is complete. These responses have failed to provide any specific information or a substantive update on the status of his case. (Exhibit D, Embassy Email Correspondence).

13. Because the application has remained in administrative processing since November 26, 2024 (as of the date of filing, more than nine months), Plaintiff has suffered escalating educational harm. Plaintiff was admitted for Spring 2025 but could not enroll; then, he reapplied for Fall 2025 (having not deferred in time due to a reasonable expectation of adjudication) and ultimately deferred to Spring 2026, receiving a new admission for that semester. The prolonged delay has disrupted Plaintiff's research trajectory, enrollment planning, funding, and housing arrangements, and has caused continuing uncertainty. (Exhibit E, UT Austin Admission Letters for Spring 2025, Fall 2025, and Spring 2026).

14. Plaintiff also submitted a request under the Freedom of Information Act ("FOIA") and the Privacy Act ("PA") seeking records related to his pending F-1 visa application. As of the date of filing, no response has been received. (Exhibit F, FOIA/Privacy Act Request).

15. In an attempt to resolve the matter administratively, Plaintiff sought assistance from elected officials in the United States, including:

a. Representative Lloyd Doggett's office: Plaintiff spoke with staff and was informed they were unable to assist with the administrative processing of an F-1 visa;

b. Office of Governor Greg Abbott: incorrectly referred Plaintiff to U.S. Citizenship and Immigration Services ("USCIS"), an agency that has no jurisdiction over nonimmigrant visa applications processed at U.S. Embassies abroad;

c. Office of Senator Ted Cruz: response advised coordinating inquiries with the first congressional office contacted, and noted elected officials cannot influence or override federal agency decisions; and

d. Office of Senator John Cornyn: Plaintiff emailed the casework department on August 28, 2025, and, as of filing, has not received a response. (Exhibit G1-G4, Congressional and State Correspondence).

16. The lack of any substantive assistance from the agency or from elected officials demonstrates that Plaintiff has pursued all reasonable administrative channels and is without recourse but to seek judicial relief.

17. Defendants' failure to conclude the administrative processing of Plaintiff's visa application for more than nine months constitutes an unreasonable delay and an unlawful withholding of agency action, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1).

**CLAIMS FOR RELIEF**
**Count I - Writ of Mandamus (28 U.S.C. § 1361)**

18. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

19. Under 28 U.S.C. § 1361, this Court has jurisdiction to compel an officer or employee of the United States to perform a duty owed to Plaintiff.

20. Defendants have a clear, non-discretionary duty to adjudicate Plaintiff's F-1 visa application. Although Defendants retain discretion to grant or deny the visa, they do not have discretion to indefinitely refuse to act on the application.

21. Plaintiff has no adequate remedy at law other than mandamus to compel adjudication.

22. By failing to complete adjudication of Plaintiff's visa application for more than nine months after the November 26, 2024, interview, Defendants have failed to perform a duty owed to Plaintiff.

### Count II - Administrative Procedure Act (5 U.S.C. §§ 555(b), 706(1))

23. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

24. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), requires that agencies conclude matters presented to them "within a reasonable time."

25. The APA, 5 U.S.C. § 706(1), authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."

26. Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's F-1 visa application, which has remained in administrative processing under INA § 221(g) for more than nine months without a final decision.

27. Defendants' failure to act violates the APA.

### Count III - Declaratory Judgment (28 U.S.C. §§ 2201–2202)

28. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

29. An actual, justiciable controversy exists between Plaintiff and Defendants regarding Defendants' delay in adjudicating Plaintiff's visa application.

30. Pursuant to 28 U.S.C. §§ 2201–2202, this Court may "declare the rights and other legal relations of any interested party seeking such declaration" and grant further necessary relief.

31. Plaintiff seeks a declaration that Defendants' delay of more than nine months in adjudicating Plaintiff's F-1 visa application is unlawful under the APA and contrary to law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

a. Declare that Defendants' delay of more than nine months in adjudicating Plaintiff's F-1 visa application is unlawful, unreasonable, and contrary to the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1);

b. Order Defendants to adjudicate Plaintiff's F-1 nonimmigrant visa application within thirty (30) days of the Court's order, or within such other time as the Court deems just and reasonable;

c. Enjoin Defendants from further delaying the adjudication of Plaintiff's F-1 visa application;

d. Retain jurisdiction over this matter until such time as Defendants have fully complied with the Court's order;

e. Award Plaintiff costs and, if applicable, reasonable attorneys' fees under the Equal Access to Justice Act or other applicable statutory authority; and

f. Grant any further relief the Court deems just and proper.

Respectfully submitted,
Date: September 8, 2025

*BaPh*

BA PHONG TRAN
Plaintiff, Pro Se
03-11, 66 Telok Blangah, 098830, Singapore
Email: tranphong96.hbk@gmail.com
Phone: +6593582796

I, BA PHONG TRAN, declare under penalty of perjury that the foregoing is true and correct.